IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-42770-TJM |
| | ) | |
| GLEN F. JOCHEM and | ) | CH. 12 |
| JOLEEN K. JOCHEM, | ) | |
| | ) | |
| Debtor(s). | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on October 19, 2009, regarding Filing #9, Motion for Relief from Stay, filed by Platte Valley State Bank & Trust Company. John Hahn appeared for the Debtors and Bradley Holbrook appeared for Platte Valley State Bank & Trust Company.

The Debtors filed this bankruptcy case on September 23, 2009. It is their second Chapter 12 case in the District of Nebraska. The earlier case, Case No. BK04-40919-TLS, was dismissed in April of 2009. In that case, Debtors had defaulted on a post-confirmation obligation due to Platte Valley State Bank & Trust Company ("Bank") and relief from the automatic stay had been granted. The Debtors filed a motion to reconsider the granting of relief to give them an opportunity to cure the default. Related to that motion was a separate motion to compel payments filed by the Chapter 12 Trustee. Debtors requested an extension of time to pay the trustee. The motion to reconsider the order granting relief from stay and the request for more time to pay were both denied. When the Debtors failed to make payments, the case was dismissed.

Thereafter, the Bank, which holds a deed of trust in real estate owned by the Debtors, scheduled a trustee sale for August 13, 2009. Prior to the date of the sale, the Bank and the Debtors entered in to an agreement whereby the Debtors were to pay $10,747.34 on or before August 11, 2009. That amount represented the amount past due from the August 15, 2008, payment of $2,823.67 and the February 15, 2009, payment of $7,923.67. Upon receipt of those proceeds by August 11, 2009, the Bank agreed to postpone the trustee's sale to September 24, 2009.

The Debtors made the payments described above. The written agreement entered into between the Bank and the Debtors also required a payment of $7,923.67 representing the payment due on August 15, 2009, by no later than September 1, 2009. The debtors made that payment on a timely basis. Further, 2008 and all prior years' real estate taxes in the approximate amount of $14,000 were to be brought current before September 24, 2009. Finally, the Debtors agreed to reimburse the Bank for legal expenses in the amount of $3,183.20.

The Debtors did not pay the outstanding real estate taxes from the years 2005 through 2008 by September 23, 2009. As a result, the Bank notified the Debtors that the sale would go forward on September 24, 2009.

As mentioned above, the Debtors filed this Chapter 12 case on September 23, 2009.

The Bank has filed a motion for relief from the automatic stay for cause, including lack of adequate protection. The motion asserts that the Debtors do not have equity in the collateral and that the collateral is not necessary for an effective reorganization. Further, the motion asserts that the Bank should obtain relief from the automatic stay because the Debtors are prohibited from filing a Chapter 12 case within 180 days of the dismissal of the earlier case.

At the hearing on the motion for relief from the automatic stay, the Bank presented no evidence concerning the value of the property or the lack of equity as asserted in the motion. Instead, the Bank argued that 28 U.S.C. § 109(g) prohibits the refiling of a bankruptcy case within 180 days of the earlier dismissal.

Section 109(g) states:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –
>
> (1) the case was dismissed for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay
> . . . .

The Debtors did not request a voluntary dismissal, so subsection (2) is not applicable.

The Debtors take the position that this case was not dismissed for willful failure to abide by orders of the court. The Debtors were ordered, pursuant to a motion to compel payment filed by the trustee, to make payments. They requested additional time to make the payments and made a record concerning their ability to do so over an extended period of time. The court declined their request for additional time and when the payments were not made, the case was dismissed. There is no evidence that the Debtors willfully failed to make the payments. Therefore, § 109(g) is not applicable and the Debtors, if otherwise eligible, may maintain this case.

There is no evidence of lack of adequate protection. The Debtors have brought the payments current through August 2009. They are, therefore, current on the note payments. The only remaining default is with regard to their obligation to pay real estate taxes. At the hearing on the motion for relief, the Debtors presented argument that they could, currently, pay one year of the delinquent taxes immediately. If so, that would leave three years outstanding.

The only evidence of value of the real estate is the scheduled value of $255,000 and the assertion by the Bank of the debt in the amount of $204,425.69 principal, plus $1,042.74 interest, as of September 29, 2009, plus interest accruing at $35.96 per day. Based upon these numbers, even with the outstanding delinquent taxes, the Bank is over-secured and adequately protected for the time being.

Finally, the Bank takes the position that the Debtors are acting in bad faith and that the case should be dismissed for that reason. To support the Bank's position, it presented evidence concerning the negotiations resulting in the written agreement of August 11, 2009, which included the Debtors' promise not only to bring the note payments current through August of 2009, but to pay the delinquent taxes plus attorney fees and costs incurred by the Bank. In consideration for the execution of the agreement by the Debtors, the Bank delayed the deed of trust trustee's sale for several weeks. When the Debtors failed to make good on their agreement, the Bank notified the Debtors it would go forward with the sale on September 24, 2009. On September 23, 2009, this

case was filed. Negotiating a delay in the sale when Debtors had to know they could not live up to their bargain, and then filing this case to stop the sale, is, from the bank's view, bad faith.

The Bank also argues lack of feasibility. Over the years the earlier case was pending, the Debtors were never timely with their payments. Generally they only made the payments in response to a motion to compel by the trustee or other motions brought by the Bank or the trustee. Their plan, as confirmed, was obviously not feasible because they could not make the tax payments and were erratic with regard to their ability to pay the note payments on time. It is the position of the Bank that nothing has changed and that the filing of this case was simply to delay the Bank in obtaining its collateral. It is further the position of the Bank that it is obvious that no Chapter 12 plan that can be presented by the Debtors will be feasible. The Debtors use the land for some farming and grazing of horses. The market value of horses has declined significantly over the last several years and no evidence has been presented that it will increase. The Debtors were both employed during the pendency of the earlier case and are still employed. In other words, nothing has changed.

The issue of feasibility comes into play only when a specific plan is presented to the court and the trustee or the creditors put the Debtors on strict proof with regard to its feasibility.

Concerning bad faith, the Debtors, in hopes of delaying the trustee's sale, entered into an agreement that, in hindsight, they knew or should have known they could not complete. Although they paid the Bank more than $18,000 in August of 2009, bringing payments current through August of 2009, they additionally promised to make the tax payments and pay attorney fees and costs incurred by the Bank. To execute such an agreement and then, within several weeks, default and file bankruptcy comes very close to not meeting the "smell test" with regard to good/bad faith. On the other hand, the Bank received more than $18,000 as a result of partial performance of the agreement by the Debtors.

The motion for relief is denied. The Bank is adequately protected by the real estate equity. The Debtors will be given an opportunity to show that they can present a feasible plan. However, because of the history of the relationship between the Debtors and the Bank and the problems during the earlier Chapter 12 case, the Debtors are on notice that feasibility and good faith will be serious issues at any future confirmation hearing.

IT IS ORDERED that the Motion for Relief from Stay, Filing #9, is denied.

DATED:    October 26, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
Bankruptcy Judge

Notice given by the Court to:
  John Hahn
  *Bradley Holbrook
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.